UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

WALTER MOORE,

        Plaintiff,                                    Case Number 10-12801

v.                                                    Honorable Thomas L. Ludington

MARY BANNON,

        Defendant.
_____/

**OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION**

Defendant Bannon seeks reconsideration of the Court's November 1, 2011, opinion and order granting in part and denying in part Defendants' motion for summary judgment. ECF No. 34. Defendant Bannon contends that the Court erred in denying her qualified immunity on Plaintiff's Fourth Amendment warrantless entry claim. More specifically, Defendant Bannon argues that the Court "was focusing upon exigent circumstances to the exclusion of other dispositive analysis, including the waiver of privacy doctrine" provided in *United States v. Vaneaton*, 49 F.3d 1423 (9th Cir. 1995), and inappropriately relied on a 2002 Michigan State Police memorandum as its basis for denying qualified immunity.

**I**

Eastern District of Michigan Local Rule 7.1(h) permits any party to move for reconsideration of the Court's conclusions within fourteen days of the entry of the order. E.D. Mich. L.R. 7.1(h)(1). The Court does not permit a responsive pleading or hold hearings on motions for reconsideration. E.D. Mich. L.R. 7.1(h)(2).

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other

>persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. L.R. 7.1(h)(2). "A palpable defect is a defect that is obvious, clear, unmistakable, manifest or plain." *Scozzari v. City of Clare*, 723 F. Supp. 2d 974, 981-82 (E.D. Mich. 2010) (citation and quotation marks omitted). Furthermore, failure to address an issue constitutes a waiver or abandonment of the argument. *Sault St. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Motions for reconsideration "are aimed at *re* consideration, not initial consideration." *Id.*; *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008) ("We have found issues to be waived when they are raised for the first time in motions for reconsideration.").

## II

Bannon contends the exigent circumstances justification for entry into Plaintiff's home addressed primarily in her summary judgment papers and the Court's earlier opinion "is not the only potential justification for police to put a foot in the door of a suspect's home." ECF No. 34 at 2. Bannon now argues that voluntary waiver is a second, separate justification. Although it is not altogether clear to the Court that Bannon raised this argument in conjunction with the initial motion and supporting papers, the Court will nonetheless address Bannon's argument.

Bannon emphasizes that there is authority providing that, under some circumstances, a suspect who comes to his doorstep waives his expectation of privacy under the Fourth Amendment, citing *United States v. Vaneaton*, 49 F.3d 1423, 1425-27 (9th Cir. 1995). In such circumstances, Bannon argues that exigent circumstances are unnecessary to justify the officer's entry. *Id.* at 1426 n.2. Bannon argues that, under the reasoning in *Vaneaton* and the cases cited therein, Plaintiff waived his expectation of privacy by answering her knock on the door, voluntarily opening the inner, non-transparent door, and speaking with her through the outer, screen door that remained

closed until Bannon opened it to enter Plaintiff's home. Bannon argues that because Plaintiff was then open to public view and she did not misidentify herself, use a crowbar to open his door, or order Plaintiff out at gunpoint, Plaintiff cannot now maintain his expectation of privacy in his home. *See, e.g.*, *United States v. Morgan*, 734 F.2d 1158, 1161 (6th Cir. 1984), *cert. denied* 471 U.S. 1061 (1985) (concluding that the warrantless arrest of a suspect, as he stood within the door of a private home, after emerging in response to coercive police conduct, violated his Fourth Amendment rights). Bannon thus requests that the Court reconsider its prior order and grant qualified immunity because a reasonable officer in her position would have, consistent with the privacy waiver cases such as *Vaneaton* and *Morgan*, concluded that she may effect a limited, temporary entry for the purpose of a warrantless misdemeanor arrest.

Bannon, however, does not explain how the Court's opinion and order contained a palpable defect by following clearly established law from the Sixth Circuit and the Supreme Court instead of following the conclusion of a different circuit in *Vaneaton*. *See* ECF No. 33 at 13 (citing *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 996 (6th Cir. 1994) (concluding that a police officer's entry into a home without a warrant is presumptively unconstitutional under the Fourth Amendment) and *Payton v. New York*, 445 U.S. 573, 589-90 (1980) (noting that the zone of privacy protected by the Fourth Amendment is most clearly defined "when bounded by the unambiguous physical dimensions of an individual's home" and that the Fourth Amendment "has drawn a firm line at the entrance to the house," a threshold which police officers generally may not cross without a warrant or an exception to the warrant requirement)). Bannon does not identify any legal authority in this Circuit that suggests that the Court's opinion and order contained a "defect that is obvious, clear, unmistakable, manifest or plain" by concluding that Plaintiff had not waived his expectation of

privacy by standing behind a screen door.

Moreover, this case does not present an issue of a contentious, unsettled area of federal law regarding warrantless misdemeanor arrests at a suspect's doorstep as Bannon suggests. Indeed, this Circuit established in *Cummings v. City of Akron*, 418 F.3d 676, 685 (6th Cir. 2005), that the plaintiff's attempt to close the door to his house constituted a termination of the consensual encounter, and communicated his lack of consent to any further intrusion by the officers, and holding the officers' entry unlawful. *Cummings* was decided ten years after *Vaneaton* and five years before the instant case. Plaintiff's expectations of privacy were not forfeited in this Circuit because he opened the inside, main door and allowed Trooper Bannon to speak to him through the closed, screen door. Moreover, under the reasoning in *Cummings*, Plaintiff again made clear his intent to maintain his right to privacy by attempting to close the inner door to his home to terminate his consensual encounter with Bannon. Plaintiff was not at the "threshold" and exposed to the public as was the plaintiff in *Vaneaton*. The fact that Bannon did not coerce Plaintiff into speaking with her and did not use exceptional force to enter his home is irrelevant to the analysis.

Bannon also claims that the Court erred in relying on a 2002 Michigan State Police memorandum to deny qualified immunity. The Court's discussion of the memorandum was included to emphasize Bannon's *subjective* knowledge that her actions were unreasonable. Subjective knowledge, however, is not the standard for qualified immunity and the Court's reference to the 2002 Michigan State Police memorandum was merely illustrative. Bannon's request for qualified immunity was denied because a reasonable officer in her position would not have concluded warrantless entry of Plaintiff's home was appropriate based on exigent circumstances. The events leading up to Bannon's entry into Plaintiff's home were not "quickly unfolding," as she

again suggests, but occurred over the course of several days. Moreover, the Fourth Amendment violation occurred by virtue of Bannon electing to open the door and enter Plaintiff's home. The fact that Plaintiff may have some responsibility to Bannon for disregarding her order and closing the inner door on her foot is not relevant to the question of whether she was entitled to enter his home. As previously mentioned, Plaintiff was suspected of committing misdemeanors and not felonies. He had been cooperative, which does not suggest that he was a risk of danger to the police or others or that he would flee while Bannon sought a warrant for his arrest. Bannon has thus not identified a palpable defect in the Court's November 1, 2011, opinion and order.

### III

Accordingly, it is **ORDERED** that Defendant's motion for reconsideration (ECF No. 34) is **DENIED**.

It is further **ORDERED** that the parties' motion to adjourn scheduling dates (ECF No. 38) is **DENIED AS MOOT**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: January 12, 2012

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 12, 2012.

s/Tracy A. Jacobs
TRACY A. JACOBS