UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

WALTER MOORE,

    Plaintiff,

v.

MARY BANNON, and WILLIAM PRIEST, in their individual capacities, jointly and severally,

    Defendants.
_____/

No. 1:10-CV-12801

HON. THOMAS L. LUDINGTON

| | |
|---|---|
| Amos E. Williams (P39118)<br>AMOS E. WILLIAMS, P.C.<br>Attorney for Plaintiff<br>615 Griswold, Suite 1115<br>Detroit, MI 48226-3998<br>313.963.5222 | John G. Fedynsky (65232)<br>Assistant Attorney General<br>Attorneys for Defendant<br>Michigan Dept. of Attorney General<br>P.O. Box 30736<br>Lansing, MI 48909<br>517.373.6434 |

_____/

**PLAINTIFF'S MOTION IN LIMINE AND
BRIEF TO BAR POLICE REPORTS**

    The plaintiff moves this court to bar introduction of police reports into evidence because they are untrustworthy.

1

**BRIEF IN SUPPORT OF MOTION**

Michigan law is unequivocal that admission of police reports in a case against the police constitutes an abuse of discretion. In Solomon v. Shuell, 435 Mich 104, 457 NW2d 669 (1990), the Michigan Supreme Court **unanimously** held that a trial judge abused his discretion by admitting Detroit Police Department PCRs, homicide reports and supplemental reports in a wrongful death police shooting case. All the justices agreed that the reports were hearsay. Three of the justices believed that the police reports done with knowledge of possible internal police investigation, criminal investigation and civil litigation were untrustworthy. See, also, Central Fabricators, Inc. v. Big Dutchman, 398 Mich 352, 247 NW2d 804 (1976); People v. Cortez, 131 Mich App 316, 346 NW2d 540 (1984);  People v. Tanner, 222 Mich App 626, 564 NW2d 197 (1997). Four of the justices believed that police reports (including PCRs) were investigative reports, and thus not admissible under 803 (8)(B). Bradbury v. Ford Motor Co., 419 Mich. 433, 358 NW2d 550 (1984). All the justices agreed that trustworthiness is a threshold requirement for admissibility under the business records exception.

Federal case law is similar. The first determination with regard to these hearsay documents is whether they are trustworthy. Hines v. Brandon Steel Docks, 886 F2d 299 (11th Cir. 1989); Miller v. Field, 35 F3d 1088 (6th Cir. 1994); U.S. v. Mackey, 117 F3d 24 (1st Cir. 1997), cert.den. __U.S.__, 118 S Ct 43 (1997).

The Sixth Circuit has held: "factual findings, which are based on inadmissible hearsay, are not admissible under Rule 803(8)(C) because the underlying information is untrustworthy." Miller v. Field, supra. at 1091.

2

The trustworthiness of the reports is subject to question under both Fed. R. Evid. 803(6) and 803(8). The evidence is cumulative of evidence that can better be presented by live testimony of each officer. These police reports are available to be used if needed to refresh the officer's memory under Fed. R. Evid. 612. Yet, Fed. R. Evid. 612 and 803(5) do not allow the document to be admitted into evidence. This is, in part, because documentary evidence may have a tendency to highlight the evidence so presented because it is available to go into the jury room and remains present throughout trial unlike live testimony. This tendency of highlighting some evidence over other live testimony may cause jury confusion. Thus, these police reports should not be admitted under Fed. R. Evid. 403 because the probative value of the police reports on this issue is substantially outweighed by the danger of unfair prejudice, confusion of the jury and needless presentation of cumulative evidence.

In the present case, Defendant may ask to admit the very same type of records that Federal Courts of Appeals have repeatedly held to be inadmissible hearsay, PCRs, witness statements, and supplemental reports.

The police officers knew that they would be subject to a civil lawsuit, so the reporting is highly untrustworthy as the court found in Solomon. Thus, they are totally inadmissible.

Further, the reports have extensive hearsay statements from third parties. This double hearsay adds to the untrustworthiness of the documents. Finally, all the police officers will be present for trial and able to describe what they saw, avoiding all hearsay problems. They will be able to use the reports to refresh their recollection if they meet

3

the requirements. Thus, the jury would not be benefitted in any way by these untrustworthy documents.

For all of these reasons, Plaintiff respectfully requests this Court preclude all police reports from evidence in this trial.

                                            **AMOS E. WILLIAMS, P.C.**

                                            s/Amos E. Williams
                                            Amos E. Williams (P39118)
                                            615 Griswold, Suite 1115
                                            Detroit, Michigan 48226-3998
                                            (313) 963-5222
                                            Email aewpc@aol.com

Dated: May 1, 2012

---

**CERTIFICATE OF SERVICE**

I hereby certify that on May 1, 2012, I filed **Motions in Limine and Certificate of** Service with the Clerk of the Court using the ECF System, which will send notification of such filing to John G. Fedynsky.

                                        /s/ Amos E. Williams (P39118)
                                        615 Griswold, Suite 515
                                        Detroit, Michigan 48226
                                        AEWPC@AOL.COM