UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

WALTER MOORE,

    Plaintiff,

v

MARY BANNON, and WILLIAM PRIEST, in their individual capacities, jointly and severally,

    Defendants.

No. 1:10-CV-12801

HON. THOMAS L. LUDINGTON

MAG. CHARLES E. BINDER

Amos E. Williams (P39118)
Attorney for Plaintiff
615 Griswold, Suite 1115
Detroit, MI 48226-3998
313.963.5222

John Fedynsky (P65232)
Assistant Attorney General
Attorney for Bannon
Michigan Department of Attorney General
P.O. Box 30736
Lansing, MI 48909
517.373.6434

/

**DEFENDANT BANNON'S CONSOLIDATED RESPONSE
TO PLAINTIFF'S MOTIONS IN LIMINE [DKT ## 41-44]**

**INTRODUCTION AND STANDARD OF REVIEW**

    The Court should deny the bulk of Plaintiff's motions. Alternatively, it should defer decision until trial, where the Court can consider the evidence in the

context of the parties' proofs and the shape of the probative value and any unfair prejudice that would result from admitting or excluding the evidence.

In this consolidated response, Defendant Bannon will respond in turn to each of Plaintiff's four motions in limine. Plaintiff appears to rely primarily upon Federal Rule of Evidence 403.

> The court *may* exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: *unfair* prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

Federal Rule of Evidence Rule 403 (emphasis added). The emphasized words are critical, because they highlight the Court's discretion and the requirement that any prejudice weighed must be unfair. "A district court is accorded a wide discretion in determining the admissibility of evidence under the Federal Rules. Assessing the probative value of [the proffered evidence], and weighing any factors counseling against admissibility is a matter first for the district court's sound judgment under Rules 401 and 403 . . . ." *United States v. Abel*, 469 U.S. 45, 54, 105 S.Ct. 465, 83 L.Ed.2d 450 (1984). The Supreme Court has opined that the discretion of the district court "is particularly true with respect to Rule 403 since it requires an on-the-spot balancing of probative value and prejudice, potentially to exclude as unduly prejudicial some evidence that already has been found to be factually relevant." *Sprint/United Management Co. v. Mendelsohn*, 552 U.S. 379, 384, 128 S.Ct. 1140, 1144-1145 (2008) (quotation omitted).

Plaintiff therefore correctly asserts that his Rule 403 arguments are subject to the Court's sound discretion. He errs for the most part in his analysis of unfair

prejudice, as discussed below. Unfair prejudice means "the undue tendency to suggest a decision based on improper considerations; it does not mean the damage to a defendant's case that results from legitimate probative force of the evidence." *Sutkiewicz v. Monroe County Sheriff*, 110 F.3d 352, 360 (6th Cir. 1997) (quotation omitted).

## DISCUSSION

**1. Plaintiff's murder conviction and subsequent litigation should be admitted into evidence.**

Plaintiff's murder conviction and subsequent litigation connected to his release are highly probative of Plaintiff's bias against the Michigan State Police, its employees, and, indeed, all law enforcement. Such evidence would also tend to prove that Plaintiff is inclined to mistrust the police and not cooperate with them, which would help the jury understand his behavior during the incident. A broad array of relevant evidence is, moreover, compelled by the case law in Fourth Amendment cases. Applicable law requires the jury to evaluate the conduct of Trooper Bannon under the totality of the circumstances. *See, e.g., Graham v. Connor*, 490 U.S. 386, 396-97 (1989); *Terry v. Ohio*, 392 U.S. 1, 22-27 (1968); *Tennessee v. Garner*, 471 U.S. 1, 8-9 (1985).

This evidence would also assist the jury in its assessment of Plaintiff's credibility and whether his allegations of misconduct against Trooper Bannon should be believed. Upon information and belief, Plaintiff's criminal history and earlier litigation involved the Michigan State Police. Even if it did not, it is only fair to admit such highly probative evidence because the jury must consider to what

3

extent Plaintiff's current case is no more than grinding an axe or maintaining an old grudge against law enforcement. Any prejudice to Plaintiff is fair because bias under settled law does not raise the specter of *unfair* prejudice. *See Abel*, 469 U.S. at 51 ("A successful showing of bias on the part of a witness would have a tendency to make the facts to which he testified less probable in the eyes of the jury than it would be without such testimony."). *Abel* is all the more instructive as the analysis relates to unfair prejudice, because it involved evidence of gang affiliation in a bank robbery prosecution. Deprivation of liberty in a criminal case poses a greater evidentiary risk of unfair prejudice than in the context of a civil case. This Court, if it is deemed necessary, may remedy any potential unfair prejudice through a proper instruction to the jury about the purpose of the evidence presented and the entitlement of every person to constitutional rights.

  Finally, the evidence is relevant to causation and damages. The primary injury for the jury to consider at trial is Plaintiff's mental and emotional distress. Plaintiff is likely to claim fear of police and fear of police misconduct as core elements of his claim for non-economic damages. In this factual context, prior police encounters are highly probative in terms of establishing a baseline for Plaintiff's mental and emotional status concerning police, fear of arrest, and home tranquility. A jury will need to know the particulars of Plaintiff's arrests, his criminal conviction, and related litigation history to properly assess the extent of his damages, if any. More fundamentally, the jury will also need this evidence to fairly consider the causal connection between any such damages and the particular

incident alleged here (as opposed to any earlier incidents). *See, e.g.*, *Brewer v. Jones*, 222 Fed. Appx. 69 (2d Cir. 2007) (Probative value of evidence of prior lawsuit filed by civil rights plaintiff, which showed possible cause of plaintiff's injury unrelated to acts of defendant, outweighed any possibility of unfair prejudice.)

**2. Plaintiff's litigation history should be admitted in part and excluded in part.**

Defendant agrees that old lawsuits connected to Plaintiff's business are not relevant to this case. Defendant intends to offer no such evidence. Accordingly, Defendant does not oppose this portion of Plaintiff's motion in limine.

For the reasons already stated, Plaintiff's litigation history against law enforcement should be admitted as highly probative and not unfairly prejudicial. Plaintiff notes that he served eight years in prison for murder, had the conviction reversed, and then settled a lawsuit against law enforcement. (Pl.'s Br. at 2, Dkt. #42.) His bias against law enforcement is clearly implicated here. Jury confusion and needless duplication of evidence is not present here because there is a clear connection between bias and credibility. This litigation history, accordingly, should be admitted as relevant and highly probative. It makes at least two important facts of consequence more likely in this proceeding: the presence of bias in Plaintiff and his related lack of credibility. Without this evidence, the jury cannot weigh whether Plaintiff's testimony serves the truth or his longstanding bias (founded or unfounded) against police. If deemed appropriate, the Court may address the danger of any unfair prejudice in a proper instruction to the jury. Defendant is confident that standard instructions will ensure a fair jury, which will obviate the

need for a special instruction as it relates to Plaintiff's litigation history against law enforcement.

### 3. The Court should admit evidence of dismissed parties and claims.

This issue is another chapter in Plaintiff's book of bias. Plaintiff overreached in this case in at least two important respects. First, he filed multiple unsubstantiated claims against Trooper Bannon, separate and apart from his claim of unlawful entry. Second, he filed those same claims against her partner, who was on the scene simply to back up Bannon. Plaintiff's claims against Trooper Priest amounted to a theory of liability for simply being present at the scene.

This evidence is highly probative and not unfairly prejudicial to Plaintiff because it fits his pattern of bias against law enforcement. It calls into question his credibility and the veracity of his allegations. The jury should know what slice of the case it is there to decide, as it will no doubt hear full testimony about the complete encounter that Plaintiff had that day with both troopers. The jury can then fairly infer that Plaintiff's expansive, kitchen sink litigation approach is indicative of a biased litigant seeking a windfall on overblown allegations of police misconduct. The prior dismissed claims are thus probative of Plaintiff's bias against police. With that knowledge, the jury can more appropriately weigh Plaintiff's credibility as it relates to his sole remaining claim. Plaintiff may want to try this case in a vacuum, but that would run afoul of *Graham* and *Garner*.

**4. The Court should admit the trustworthy portions of the police reports.**

Plaintiff paints with too broad of a brush in his argument concerning the police reports. Applicable law recognizes investigatory reports as admissible business records under the hearsay exception of Federal Rule of Evidence 803(8). The rule allows admission of reports that contain facts as well as opinion and conclusion. *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 169-70, 109 S.Ct. 439, 449-50, 102 L.Ed.2d 445 (1988). This is particularly true when the facts, opinions, and conclusions concern direct observations of the author of the report. *Id.*; *Miller v. Field*, 35 F.3d 1088 (6th Cir. 1994).

Plaintiff's brief provides an incomplete picture of the law of the Sixth Circuit, as it omits the important facts of *Miller v. Field*. That case concerned an after-the-fact state police investigation of rape allegations at a penal institution. *Id.* at 1088. "[M]uch of the police reports admitted into evidence at the trial of this matter was not based upon such firsthand knowledge or observation." *Id.* at 1091. The opposite is true here. The core of the reports is based upon the firsthand observations of Trooper Bannon. (Original Incident Report, Def.'s Ex. 1.) It was recorded in the ordinary course of her police business and it sets out her activities, as Rule 803(8)(A) contemplates.[1] Trooper Bannon met with the complainant, viewed his evidence (*i.e.*, vehicle title), noted and photographed the physical injuries that she could see on him, and visited the site of the alleged crime with the complainant. (*Id.* at 1-2.) With respect to the encounter with Plaintiff, the bulk of that portion of

---

[1] Because this civil matter is not a criminal case, the exclusion of Rule 803(8)(A)(ii) does not apply here.

7

the report is an admissible summary of Trooper Bannon's observations of Plaintiff's conduct, her own actions in response to Plaintiff, and the reactions of Trooper Priest. (*Id.* at 3.)

There is thus no basis in law or fact for Plaintiff's request that the Court exclude the entire incident report. The jury should see a redacted report that excludes all inadmissible portions. Counsel is certainly willing to confer with Plaintiff's attorney to prepare appropriate redactions and present disputed portions of the report, if any, for the court to decide. Firsthand observations are fair game, as well as the fact that Trooper Bannon interviewed various witnesses and collected external evidence apart from their statements. This is clearly not the kind of report that was excluded in *Miller*. The bulk of it is admissible under settled law. This Court should deny Plaintiff's motion to the extent that it fails to follow *Beech Aircraft Corp.* and *Miller*.

## CONCLUSION AND REQUEST FOR RELIEF

For these reasons, Defendant Bannon respectfully request that the Court:

(1) Deny Plaintiff's Motion in Limine to Exclude Evidence of Prior Arrest and Convictions [Dkt. #41],

(2) Deny in Part and Grant in Part Plaintiff's Motion in Limine to Exclude Evident of Unrelated Lawsuits [Dkt. #42] – specifically, the Court should only exclude evidence of old lawsuits related to Plaintiff's business,

(3) Deny Plaintiff's Motion in Limine to Exclude Evidence of Dismissed Parties and Dismissed Claims [Dkt. #43],

(4) Deny in Part and Grant in Part Plaintiff's Motion in Limine to Bar Police Reports [Dkt. #44] – specifically, the Court should admit a redacted copy of the original incident showing the trustworthy portions of the report, and

(5) Grant any other appropriate relief.

Respectfully submitted

Bill Schuette
Attorney General

*s/ John Fedynsky*
John Fedynsky (P65232)
Assistant Attorney General
Attorney for Defendant
P. O. Box 30736
Lansing, MI 48909
(517) 373-6434
fedynskyj@michigan.gov
(P65232)

Dated: May 14, 2012

## CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2012, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing as well as via US Mail to all non-ECF participants.

*s/ John Fedynsky*
John Fedynsky (P65232)
Assistant Attorney General
Attorney for Defendants
P. O. Box 30736
Lansing, MI 48909
(517) 373-6434
fedynskyj@michigan.gov
(P65232)